[Docket No. 52]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CHERRY HILL TOWNE CENTER PARTNERS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> GS PARK RACING, L.P., GREENWOOD NEW JERSEY, INC., GREENWOOD RACING, INC., <br><br> Defendants. | Civ. No. 18-12868 (RMB/KMW) <br><br> **OPINION** |

APPEARANCES:

BROWN & CONNERY, LLP
By:  William M. Tambussi, Esq.
     Mark P. Asselta, Esq.
     Andrew S. Brown, Esq.
360 Haddon Avenue
Westmont, New Jersey 08108
         *Counsel for Plaintiff*

BALLARD SPAHR LLP
By:  Roberto A. Rivera-Soto, Esq.
210 Lake Drive East-- Suite 200
Cherry Hill, New Jersey 08002
         *Counsel for Defendants*

**BUMB**, UNITED STATES DISTRICT JUDGE:

By operation of New Jersey's Sports Wagering Act, Plaintiff Cherry Hill Towne Center-- after obtaining the requisite license-- could open a sports wagering facility on the property

1

at issue in this case but for the restrictive covenant held by Defendants GS Park Racing, L.P., Greenwood New Jersey, Inc., and Greenwood Racing, Inc. (collectively "GSPR"). That covenant exclusively reserves to GSPR the right to operate "wagering activities and gambling and gaming of any sort." Approximately one year ago, this Court held, in the context of a Motion for Preliminary Injunctive Relief, that GSPR would likely prevail on its position that the restrictive covenant is enforceable. See Cherry Hill Towne Ctr. Partners, LLC v. GS Park Racing, L.P., 2019 WL 4187836 (D.N.J. Sept. 4, 2019).[1] Since that decision, two relevant events have occurred: (1) GSPR filed a Motion for Summary Judgment after the parties had exchanged discovery, and (2) the COVID-19 global pandemic arose.

Cherry Hill Towne Center now claims that it no longer wishes to pursue this litigation because its business plans have changed as a result of the pandemic and related public health restrictions.[2] Thus, instead of filing opposition to GSPR's

---

[1] The Court, however, denied the Motion for Preliminary Injunctive Relief, additionally holding that GSPR had not established that, absent provisional injunctive relief, immediate irreparable harm would result before this Court could render a final judgment on the merits.

[2] Specifically, Cherry Hill Towne Center states, "as a result of the ongoing global pandemic and the concomitant governmental restrictions, it no longer makes sense from a business perspective to open a 'bricks and mortar' sports wagering facility, at least for the foreseeable future." (Moving Brief, Dkt. 52-1, p. 1-2)(emphasis added by the Court).

Motion for Summary Judgment, Cherry Hill Towne Center presently moves to dismiss this suit without prejudice, and without costs, pursuant to Fed. R. Civ. P. 41(a)(2). GSPR opposes the motion insofar as Cherry Hill Towne Center seeks a dismissal <u>without</u> prejudice. GSPR contends that, in light of the Court's holding that GSPR would likely prevail on the merits of this suit, and GSPR's pending Motion for Summary Judgment, the dismissal should be <u>with</u> prejudice. For the reasons stated herein, the Court will dismiss this case <u>without</u> prejudice <u>but</u> <u>with</u> certain "terms," Fed. R. Civ. P. 41(a)(2), intended to mitigate any prejudice to GSPR that might arise if Cherry Hill Towne Center were to refile this suit in the future.

I. **BACKGROUND**

The Court incorporates herein by reference the Court's Opinion addressing GSPR's Motion for Preliminary Injunction, <u>Cherry Hill Towne Ctr. Partners, LLC v. GS Park Racing, L.P.</u>, 2019 WL 4187836 (D.N.J. Sept. 4, 2019).

II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 41(a)(2) provides, in relevant part, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."[3] Such "terms" must be "designed to protect the

---

[3] Federal Rule of Civil Procedure 41(a)(1)(A)(i) does not apply because GSPR answered the Complaint on September 12, 2018,

3

defendant" and must "not create burdensome obstacles to refiling" by the plaintiff. S.B. v. KinderCare Learning Centers, LLC, 815 F.3d 150, 152–53 (3d Cir. 2016).

**III. ANALYSIS**

This Court's dismissal order must reflect a balancing of two competing interests: Cherry Hill Towne Center's right to dismiss its claims, and the prejudice to GSPR that may result from such dismissal. Contrary to Cherry Hill Towne Center's argument, a bare dismissal without prejudice does carry with it the potential for prejudice to GSPR if Cherry Hill Towne Center were to refile this suit in the future. As GSPR understandably emphasizes, this Court has held that the restrictive covenant is likely enforceable and in GSPR's view there is little left to do or say in this litigation. While this Court's holding, of course, is not a final adjudication of the issue, it nonetheless has value to GSPR. In the event that Cherry Hill Towne Center refiles its suit, GSPR should not be required to litigate the new suit as if this Court had never ruled anything as to the enforceability of the restrictive covenant. Nor should GSPR be exposed to the additional time and expense of conducting previous discovery, re-drafting and re-filing previous

---

and filed a motion for summary judgment on March 3, 2020. Rule 41(a)(1)(A)(ii) does not apply because GSPR does not stipulate to the type of dismissal Cherry Hill Towne Center seeks.

4

pleadings, and re-drafting and re-filing its summary judgment motion.  Nor should GSPR face the threat of another judicial forum.  In the end, this Court agrees with GSPR and finds that GSPR would be prejudiced by having to litigate a new, refiled suit from scratch.

Although GSPR's concerns are certainly well-founded, dismissal with prejudice, as GSPR requests, would shift the balance too far, and might also erroneously suggest that this Court has rendered a final judgment as to the enforceability of the restrictive covenant, which it has not.  Thus, the Court concludes that the following terms will adequately mitigate prejudice to GSPR while allowing Cherry Hill Towne Center to dismiss, without prejudice, and without costs, its claims. First, any future suit by Cherry Hill Towne Center against GSPR, seeking a declaration that the restrictive covenant at issue in this suit is unenforceable, filed in the District of New Jersey, or filed in New Jersey state court and removed to this District[4], shall be designated as related to this case and directly assigned to the undersigned pursuant to Local Rule 40.1(c). Second, upon assignment of the new case to the undersigned, the Court's prior ruling on GSPR's Motion for Preliminary Injunction will be deemed as rendered in the new case, GSPR's Motion for

---

[4] GSPR removed this suit from New Jersey Superior Court, Chancery Division on the basis diversity of citizenship.

Summary Judgment will be deemed as pending in the new case, and a new briefing schedule on the Motion for Summary Judgment will be set by the Court.  In essence, the case will pick-up where it left off when Cherry Hill Towne Center makes its business decision to proceed with building a sports betting facility.

### IV. CONCLUSION

For the foregoing reasons, the Court will grant, in part, and deny, in part, Plaintiff's Rule 41(a)(2) Motion.  An appropriate Order: (1) dismissing this case without prejudice, without costs, and upon the terms set forth above, and (2) dismissing as moot GSPR's Motion for Summary Judgment shall issue on this date.


Dated: September 15, 2020            _s/ Renée Marie Bumb_____
                                     RENÉE MARIE BUMB
                                     UNITED STATES DISTRICT JUDGE